NOT DESIGNATED FOR PUBLICATION

No. 118,337

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN C. DRAKE JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed October 26, 2018.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Steven C. Drake Jr. appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Drake's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On May 13, 2011, Drake pled no contest to one count of fleeing or attempting to elude an officer and one count of misdemeanor assault. On July 20, 2011, the district court imposed a controlling sentence of 12 months' imprisonment but granted probation for 12 months to be supervised by community corrections.

1

The record reflects several affidavits asserting violations of the conditions of Drake's probation, but we need not address the entire history of Drake's case for the purpose of this appeal. Ultimately, at a hearing on August 9, 2017, the district court heard evidence that Drake violated his probation by committing a new crime of fleeing and eluding an officer. The district court found that Drake violated the law and the conditions of his probation. The district court revoked Drake's probation and ordered him to serve his underlying prison sentence. Drake timely appealed.

On appeal, Drake claims the district court "abused its discretion in ordering him to serve the underlying sentence instead of reinstating probation." But Drake acknowledges that the district court has discretion to revoke his probation upon a showing that he violated the conditions of his probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Drake's probation after finding that he had committed a new crime while on probation. As a result, the district court did not have to impose an intermediate sanction in this instance. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). Drake does not challenge this finding on appeal. Under the circumstances

2

of this case, the district court's decision to revoke Drake's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Drake has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Affirmed.